## LADOW v. NORTH AMERICAN TRUST CO. et al.

### (Circuit Court, D. Oregon. April 29, 1902.)

GUARDIAN'S SALE—ILLEGAL OBJECT—TITLE OF PURCHASER.

A purchaser at a guardian's sale who pays nothing for his deed, but takes with an understanding that he will mortgage the property and reconvey it subject to the mortgage,—the object of the transaction being to circumvent the law prohibiting the mortgaging of a minor's property, —cannot hold the property as against the minor, nor can his grantees with notice.

See 113 Fed. 13.

Charles Carter and J. J. Balleray, for plaintiff.
George Stout and Pipes & Tifft, for defendant Letitia Lombard.

BELLINGER, District Judge. The defendant Letitia Lombard now moves for a decree, upon the pleadings, that she is the owner of the interest in the premises in controversy claimed by her. The ground of this motion is "that the amended bill of complaint shows on its face, as does the answer of the said defendant, that she deraigns her title by mesne conveyances from the purchaser at the guardian's sale under the decree of a probate court, regular on its face, and having jurisdiction of the subject-matter, and that the allegations in the complaint attacking the validity of said decree are a collateral attack thereon, and cannot be made in this suit." It is argued in support of the motion that this suit is a collateral attack upon the judgment of the county court ordering the sale under which Lombard claims; that the proceedings in the county court were in rem, and are conclusive upon all the parties in interest; that the judgment rendered therein imports absolute verity; and that so long as it remains unimpeached the title of Mrs. Lombard is unassailable.

I do not deem it necessary to consider the question of collateral attack. The judgment of the county court ordering the sale may

remain. It does not follow that the title derived through the sale is unassailable. There may be a valid order of sale, and a valid sale under the order, and yet the circumstances of the sale may be such that the purchaser acquires no beneficial interest in the purchase; nor does it follow that the invalidity of the mortgage renders the proceedings operative to effect a sale. That is this case. The so-called purchaser at the sale paid nothing. He purchased, if we may call it a purchase, with the understanding that the purchase was not a purchase, but a mere form; that he was to mortgage the property and reconvey it subject to the mortgage,—the object of the proceeding being to circumvent the law which prohibited the mortgaging of the minor's property. Could this so-called purchaser be heard to say that he had a good title against the minor? Could he take refuge in the absolute verity of the judgment which authorized a sale to repudiate the understanding on which the purchase was made? Concede that the order was valid; it does not follow necessarily that the sale was valid; and, if the sale was valid, it might be attended with such circumstances that a trust would result in favor of the minor. The purchaser at this sale, paying nothing, agreeing to mortgage and reconvey, took nothing; and those to whom he conveyed, having notice, took nothing. Under the allegations of the bill which permitted such evidence, Isaacs, the purchaser, testified that he purchased the property at the guardian's sale at the request of the guardian; that the guardian's sale was a mere form; that he did not purchase the property, but went through the form of a purchase, "just for the purpose of putting that mortgage on it"; that it was understood beforehand that he was not to pay anything, and that he did not pay anything,—"never paid a cent"; and that he was to turn the property back to the complainant. Howard took from Isaacs without the payment of any money, and upon the same understanding as to reconveying to the complainant. Contrary to his duty, he dickered with B. M. Lombard, the real party in interest, who took with notice, and who paid little, if anything, and who concluded that they could "fix matters" with the minor by giving him some back lots. Lombard assumed a part of the mortgage debt, and then escaped the liability so assumed on the identical ground now urged against his own title,— on the ground that the proceedings under the order of sale were intended to effect a mortgage of the minor's property. The validity of the mortgage necessarily depended upon the validity of the sale. If there was a valid sale, Isaacs, through whom Lombard claims, had a good title, and his mortgage constituted a valid lien. In other words, if Isaacs could lawfully convey to a purchaser with notice, he could lawfully mortgage. There was as much to be said for the mortgage which Lombard defeated as for the sale through which he claims. Both are valid, or neither is.

The motion is denied.